# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JAMES LOUIS CRESWELL,

     *Plaintiff*,

*v.*                      CASE NO. 11-CV-12492

COMMISSIONER OF         DISTRICT JUDGE GEORGE CARAM STEEH
SOCIAL SECURITY,        MAGISTRATE JUDGE CHARLES E. BINDER

     *Defendant.*
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED.**

## II.    REPORT

### A.    Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for determination of all non-dispositive motions and for issuance of a Report and Recommendation regarding any dispositive motions. (Doc. 2.) On August 11, 2011, Defendant filed a motion to dismiss in lieu of filing an answer, contending that Plaintiff failed to file the instant action within the sixty-day period required by 42

---

[1]The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

U.S.C. § 405(g). (Doc. 8.) Plaintiff timely filed his response to the motion on August 16, 2011 (Doc. 10), and Defendant replied on August 23, 2011. (Doc. 11.) Thus, the motion to dismiss is ready for Report and Recommendation.

On March 17, 2010, an administrative law judge ("ALJ") issued an opinion denying Plaintiff's claim for benefits under Title II and under Title XVI of the Social Security Act. (Doc. 8, Ex. 1, Decl. of Patrick J. Herbst, Court Case Prep. & Review Branch 3, Office of Disab. Adjud. & Review, S.S.A. ¶ 3.) On April 4, 2011, the Appeals Council denied Plaintiff's request for review and notified Plaintiff that he had sixty days to file a civil action seeking court review of the Appeals Council decision. (Doc. 8 at Ex. 2.) Plaintiff filed the instant action on June 9, 2011.

### B.    Governing Law

A social security claimant is first entitled to an initial determination by the Social Security Administration ("SSA") regarding disability. 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503. If dissatisfied, a claimant may then request a *de novo* reconsideration of that determination. 20 C.F.R. §§ 404.907-921. If still dissatisfied, the claimant is entitled to an evidentiary hearing and a *de novo* review before an Administrative Law Judge ("ALJ"). 42 U.S.C. § 405(c); 20 C.F.R. §§ 404.929-961. If still dissatisfied, the claimant is entitled to a fourth review by appealing to the Appeals Council within 60 days of receiving notice of an unfavorable decision by an ALJ after a hearing. 20 C.F.R. §§ 404.967-983.

If the claimant's appeal is denied or if the Appeals Council renders an unfavorable decision, Section 205(g) of the Social Security Act creates a right to district court review of final decisions of the Commissioner by a civil action "commenced within sixty days after the mailing to [the plaintiff] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the

2

60-day period begins five days after the date of the denial notice." *Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007) (citing 20 C.F.R. § 422.210(c)).

The Sixth Circuit recognizes that "the date for filing a Social Security complaint runs from the date that the applicant receives the SSA's denial notice, not from the date of mailing." *Cook*, 480 F.3d at 436. Plaintiff's date of receipt of the notice is presumed to be five days after mailing. *Id. See also* 20 C.F.R. §§ 404.901, 422.210(c).

### C.      Analysis and Conclusions

Plaintiff did not submit any evidence rebutting the presumption that he received the Appeals Council's notice on April 9, 2011. Therefore, Plaintiff was required to file this lawsuit no later than June 8, 2011. However, Plaintiff did not file his complaint until June 9, 2011. Plaintiff contends that he was delayed because he "often do[es] not pick up any mail" and because he "did have in my mind's eye, the date of April 5th" but "had recited incorrectly a rhyme that assisted me in defining dated months. 30 days has September, April, May, June, and November. In my error, of May. I had estimated June 10th as my appellate deadline." (Doc. 10 ¶ 3.) Plaintiff also contends that he was told that he "needed legal council [sic] to represent my case in Federal Court," that he attempted to find an attorney to assist him, and that during a "June 7th conversation with the legal assistant of my newly retained SSI claim Atty. Kerry Spencer . . . she informed me that I could file a claim in Federal Court." (Doc. 10 ¶ 4.)

Although Plaintiff does not use the appropriate term, it appears that he seeks equitable tolling of the statute of limitations so as to excuse the late filing. However, Plaintiff has failed to submit any evidence establishing a proper factual basis for equitable tolling. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in the parties' briefs are not evidence.").

As to Plaintiff's assertions relating to his efforts to secure counsel, even assuming, *arguendo,* that Plaintiff had submitted affidavits establishing that he received deficient or erroneous legal advice, his attorney's error would not establish a basis for equitable tolling. It is a plaintiff's burden to submit evidence demonstrating "exceptional circumstances warranting equitable tolling." *Kellum v. Comm'r of Soc. Sec.,* 295 Fed. App'x 47, 49 (6th Cir. 2008). "Equitable tolling generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 50 (quoting *Graham-Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The result would be the same even if Plaintiff had secured representation and his attorney failed to file a timely complaint. *See Kellum*, 295 Fed. App'x at 50 ("the actions of a privately retained attorney are imputed to the client[;] . . . this case will serve as yet another 'classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits'"); *Schreiber v. Moe*, 320 Fed. App'x 312, 321 n.6 (6th Cir. 2008) (Plaintiff "voluntarily chose this attorney as his representative . . . and he cannot now avoid the consequences of the acts or omissions of this freely selected agent").

I therefore suggest that Plaintiff has not established grounds for equitable tolling of the statute of limitations. Consequently, I suggest that the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

      s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗

CHARLES E. BINDER

Dated: September 12, 2011        United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served upon counsel of record via the Court's ECF system, and was mailed by the U.S. Postal Service to the following non-ECF participant: James Louis Creswell, 6167 W. Adams, Belleville, MI 48111.

Date:  September 12, 2011        By_____ s/Patricia T. Morris_____

                                        Law Clerk to Magistrate Judge Binder